ORIG1NAL 

*1034155606*

## IN THE DISTRICT COURT WITHIN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| 1. **DENISE JOHNSON** an individual resident of Tulsa County, Oklahoma,<br><br>                 plaintiff,<br><br>versus<br><br>2. **NATIONAL HEALTH INSURANCE COMPANY**, a Texas corporation,<br><br>     and<br><br>3. **MERITAIN HEALTH, INC.**, a New York corporation,<br><br>                defendants. | CASE NO. **CJ-2016-03310**<br><br>**DANA LYNN KUEHN**<br><br>Jury Trial Demanded<br><br>Attorneys' Lien Claimed<br><br>**DISTRICT COURT**<br>**FILED**<br><br>SEP 13 2016<br><br>SALLY HOWE SMITH, COURT CLERK<br>STATE OF OKLA. TULSA COUNTY |

### PETITION

For her claims against the Defendants, Plaintiff alleges and states as follows:

1. Plaintiff is over the age of 18 years and an individual resident of the State of Oklahoma.

2. Plaintiff is a citizen of the State of Oklahoma.

3. Plaintiff has resided in Tulsa County her entire life.

4. Defendant National Health Insurance Company ("NHI") is a Texas corporation duly authorized and registered to conduct business, and, at all times relevant hereto, in fact conducting business, in the State of Oklahoma.

5. NHI is an "insurer" as defined by Oklahoma law (36 O.S.A. § 103) and, at all times relevant hereto, has been conducting business as such within the State of Oklahoma, including in Tulsa County, Oklahoma.

6. Defendant Meritain Health, Inc. ("Meritain", collectively with NHI, "Defendants") is a New York corporation duly registered to and doing business in the State of Oklahoma.



7. Upon information and belief, Meritain is a third party administrator processing health care insurance claims for NHI in Oklahoma and, in that capacity and role, acts as an insurer.

8. In or about December of 2015, Plaintiff and NHI entered into one or more written agreements ("the policies") by which Plaintiff agreed to pay certain insurance premiums to NHI.

9. In return for Plaintiff's premiums, NHI promised to indemnify Plaintiff against any health care expenses which:

   a. Were covered by the policies and which;
   b. Were incurred between January 1st, 2016 (the date upon which coverage commenced) and June 30th, 2016 (the day upon which coverage ended), inclusive.

10. Plaintiff made all premium payments called for by the agreements, in full and on time.

11. At all times relevant hereto, Defendants owed Plaintiff a duty of good faith and fair dealing as to the subject matter of the policies.

12. In February of 2016, while the policies were in full force and effect, Plaintiff was diagnosed with breast cancer.

13. Immediately thereafter, at the direction of her physicians, Plaintiff underwent extensive medical treatment and incurred substantial medical expenses that were/are covered by the policies.

14. Plaintiff's physicians and other care providers sent their bills for services rendered to Plaintiff (Plaintiff's "medical expenses") directly to Defendants as authorized and required by the policies

15. NHI, and Meritain on NHI's behalf, have refused to pay many of her medical expenses that are covered by the policies.

16. NHI, and Meritain on NHI's behalf, have unreasonably delayed payment of Plaintiff's covered medical expenses.

17. NHI, and Meritain on NHI's behalf, have had, and have, no legal basis for refusing to pay and/or delaying payment of Plaintiff's covered medical expenses.

18. In processing Plaintiff's claims for her medical expenses, and those of her duly authorized medical care providers, NHI, and Meritain on NHI's behalf, have wholly failed and refused to deal fairly, promptly and in good faith with Plaintiff and/or her medical care providers.

### First Claim For Relief – Breach Of Contract

19. The Defendants' refusal to indemnify Plaintiff against, and to pay, her medical expenses that are covered by the policies is a breach of contract, depriving her of policy benefits in an amount greater than the jurisdictional sum of $75,000.00.

### Second Claim for Relief – Bad Faith Breach of Contract

20. Defendants' refusal to pay as required by the policies and Oklahoma state law has been, and is, oppressive, intentional, malicious, willful, wanton and with utter and reckless disregard for Defendants' duties to deal fairly and act in good faith with Plaintiff, their insured.

21. In addition to constituting a breach of contract, Defendants' wrongful acts have caused, and continue to cause, Plaintiff extreme financial and emotional distress at a time when she and her family have been and are already emotionally distraught by her illness and the uncertainties of her future, entitling Plaintiff to punitive damages in an amount greater than the jurisdictional sum of $75,000.00 so as to punish Defendants, deter them from similar misconduct in the future and to make an example of them to other insurers.

WHEREFORE, Plaintiff prays for a monetary judgment against the Defendants in an amount exceeding the jurisdictional limit of $75,000.00, judgment interest as allowed by law, her costs, her attorney's fees and any and all further relief to which this Court may deem her entitled.

Respectfully Submitted

*[signature]*

James W. Dunham, Jr., OBA #2532
2112 Bank of America Center
15 West 6th Street
Tulsa, OK. 74119
Voice: (918) 592-1144
Counsel to Plaintiff

## VERIFICATION

State of Oklahoma    )
                     )   SS.
County of Tulsa      )

I, Denise Johnson, the above named Plaintiff, hereby verify that I have read the foregoing, that I am familiar with its contents, and that the facts alleged therein are true and correct to the best of my knowledge and belief.

*[signature]*
Denise Johnson, Plaintiff

Subscribed and sworn to before me on this 13th day of September, 2016.

*[signature]*
Notary Public

MARVA RUHMANN
Notary Public
State of Oklahoma
Commission # 04003888
My Commission Expires Apr 28 2020